Michael Jungreis, AK Bar 7711184
DAVIS WRIGHT TREMAINE LLP
188 W. Northern Lights, Blvd., Suite 1100
Anchorage, Alaska 99503-3985
Telephone: 907-257-5300
Facsimile: 907-257-5399
michaeljungreis@dwt.com

Attorneys for K & L Beverage Company, LLC

THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| K & L BEVERAGE COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) No. _____ | |
| vs. ) | |
| ) | |
| GLACIER CREEK DISTILLERY, LLC, ) | **COMPLAINT FOR DECLARATORY** |
| ) | **RELIEF** |
| Defendant. ) | |
| _____) | |

Plaintiff, K & L Beverage Company, LLC complains and alleges against defendant as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. Plaintiff K & L Beverage Company, LLC ("K & L") is a limited liability company organized under the laws of Delaware, with its principal place of business in the state of Washington. Its members are all citizens and residents of the state of Washington, or companies organized under the laws of the state of Washington with their principal places of business in the state of Washington.

2. Defendant Glacier Creek Distillery, LLC ("Glacier Creek") is a limited liability company organized under the laws of Alaska, with its principal place of business in Alaska. Its members are all citizens and residents of Alaska.

3. The amount in controversy in this action is in a principal amount in excess of $75,000, and is approximately $125,000, exclusive of interest and costs.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

6. This action arises from an actual controversy, in which K & L seeks that the court declare the rights and other legal relations of K & L.

## ALLEGATIONS COMMON TO ALL COUNTS

7. In this diversity action, K & L is entitled to an award of attorney's fees pursuant to Rule 82 of the Alaska Rules of Civil Procedure.

8. K & L is a general wholesaler licensed in accordance with Alaska Statutes § 04.11.160 to distribute, among other alcohol beverage products, spirits to Alaska Alcoholic Beverage Control Board licensees throughout the state of Alaska.

9. Glacier Creek is a distillery licensed in accordance with Alaska Statutes § 04.11.170 to distill, bottle and sell spirits to Alaska Alcoholic Beverage Control Board licensees. Glacier Creek sells spirits under the brand name and d/b/a Alaska Distillery.

10. The alcohol beverage business is a highly regulated space often mandating the sale of spirits through a three-tier system in which licensed distillers sell to licensed wholesale distributors who resell to licensed retailers. In Alaska, this system is reflected in mandatory

"primary source of supply" certifications submitted at appointed periods with the Alaska Alcoholic Beverages Control Board. In accordance with Alaska Statutes § 04.11.160, spirits brands may only be transferred to new wholesale distributors after a notice has been submitted by the existing wholesale distributor that they no longer hold the "primary source of supply" rights.

11. Throughout the United States, spirits brands whose rights have been assigned to a wholesale distributor on an exclusive basis are considered wholesaler assets. Whether by contract or statute, distribution rights usually may not be terminated on an at-will basis unless the wholesale distributor is paid compensation for the fair market value of its distribution rights. Fair market value is generally calculated as a variable (3x, 5x, etc.) of wholesaler gross profits over a trailing reference period, often twelve or twenty-four months. This variable is typically higher in states that limit termination by statute. In states where exclusivity is by contract only, like Alaska, fair market value, depending on the significance of the brand in the particular market, is commonly 1x or 2x gross profits over a trailing twelve months period.

12. On or about March 12, 2009, K & L, under its trade name of K & L Distributors, entered into a written Distribution Agreement ("the Agreement") with Glacier Creek. A copy of that agreement is attached hereto as Exhibit A. The Agreement remains in effect between the parties, and K & L has performed in accordance with its duties under the Agreement, and in the words of Glacier Creek, has "faithfully represented" it. K & L is entitled to enforce the Agreement.

13. The Agreement appointed K & L as the exclusive wholesale distributor of Permafrost Frozen Vodka within the State of Alaska, to which have been added Alaska Distillery Birch, Blackberry, Blueberry, Fireweed, Highbrush Cranberry, Honey, Purgatory, Raspberry, Rhubarb,
**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399

*K & L Beverage Company LLC v.*
*Glacier Greek Distillery LLC* Page **3** of **6**
DWT 25099306v1 0050033-002171

and Smoked Salmon Vodka, as well as Alaska Distillery Bristol Bay Gin and Alaska Distillery Outlaw Whiskey. K & L has acted as the exclusive wholesale distributor of Alaska Distilling branded products within the State of Alaska for a period of more than five years, and has built up brand loyalty and retail good will for that brand. Replacing Alaska Distilling branded products in K & L's line of products will require significant time, effort and expense.

14. The Agreement provides that Glacier Creek can terminate the Agreement upon 90 days written notice, without cause, by paying a termination fee equal to K&L's gross margin for the brands supplied by Glacier Creek for the preceding 180 days.

15. On or about September 17, 2014, Glacier Creek communicated to K & L its intention to terminate the Agreement without cause and to engage with a different wholesale distributor for its products.

16. On or about October 16, 2014, Glacier Creek, through its counsel, disputed K & L's right to 90 days of notice and to the termination fee, notwithstanding the explicit provisions of the Agreement. Glacier Creek has since communicated its intent to abide by the 90 day notice period, but continues to dispute its duty to pay the termination fee.

17. K & L maintains that it has the right to enforce the agreed-upon termination fee. Until this Agreement term is satisfied, Glacier Creek must continue to supply K & L with product. The amount of the termination fee to which K & L is entitled is approximately $125,000, and in any event is more than $75,000.

## COUNT ONE – DECLARATORY RELIEF

18. Paragraphs 1 through 17 are realleged.

19. The disagreement between the parties regarding the right to a termination fee is a substantial controversy between the parties. In this matter K & L and Glacier Creek have adverse interests. The controversy is immediate and real, and admits of an immediate and definite determination of the legal rights of the parties.

20. K & L is entitled to a declaration that its rights as the sole and exclusive distributor of the products listed in paragraph 13 of this Complaint under the Agreement shall continue until such time as it has both received 90 days written notice of termination, and has also received a payment in an amount equal to K&L's gross margin for the brands supplied by Glacier Creek for the preceding 180 days.

## COUNT TWO – INJUNCTIVE RELIEF

21. Paragraphs 1 through 20 are realleged.

22. K & L will probably succeed on the merits of its claim for declaratory relief.

23. K & L will be irreparably harmed if Glacier Creek terminates the Agreement and ceases selling the products to K & L without satisfying the termination requirements of notice and payment.

24. K & L has raised serious questions going to the merits of its right to payment for a termination of the Agreement by Glacier Creek, together with at least a fair chance of success on the merits, and with the balance of hardships tipping in its direction if Glacier Creek is permitted

*K & L Beverage Company LLC v.*
*Glacier Greek Distillery LLC*
DWT 25099306v1 0050033-002171

Page **5** of **6**

to terminate the Agreement without satisfying the termination requirements of notice and payment.

25. K & L is entitled to preliminary and permanent injunctive relief prohibiting Glacier Creek from terminating the Agreement without satisfying the termination requirements of notice and payment.

WHEREFORE, Plaintiff K & L Beverage Company LLC demands judgment as follows:

1. With respect to the first count, for a declaration that Defendant Glacier Creek Distillery, LLC may not terminate the Distribution Agreement unless and until it has both (a) given 90 days written notice of such termination to K & L, and (b) paid to K & L a termination fee equal to K&L's gross margin for the brands supplied by the Glacier Creek for the preceding 180 days.

2. With respect to the second count, issuance of preliminary and permanent injunctions as alleged in that count.

3. For costs and attorneys' fees of this action.

4. For such other and further relief as the Court may deem just and lawful in the premises.

Dated this 31st day of October, 2014.

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP


 /s/ Michael Jungreis
By:   Michael Jungreis

ATTORNEYS FOR PLAINTIFF K & L BEVERAGE COMPANY, LLC

*K & L Beverage Company LLC v.
Glacier Greek Distillery LLC*  Page **6** of **6**
DWT 25099306v1 0050033-002171

Case 3:14-cv-00211-SLG-KFM   Document 1   Filed 11/04/14   Page 6 of 6